CLUB DISTRIBUTION, INC., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 94–08–00475

(Dated July 10, 1996)

*Law Offices of Michael P. Maxwell, (Michael P. Maxwell, Edith Sanchez Shea)* for plaintiff.

*Frank W. Hunger,* Assistant Attorney General; *Joseph I. Liebman,* Attorney-in-Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, United States Department of Justice *(Amy M. Rubin)*; Office of the Assistant Chief Counsel, International Trade Litigation, United States Customs Service *(Karen P. Binder),* of Counsel, for defendant.

## MEMORANDUM AND ORDER

GOLDBERG, *Judge:* This matter comes before the Court on cross-motions for summary judgment. The Court exercises jurisdiction pursuant to 28 U.S.C. § 1581(a) (1988).

### BACKGROUND

Club Distribution, Inc. ("Club") brought the underlying action to challenge the United States Customs Service's ("Customs") tariff classification of an item known as "Christmas Carollers." The parties do not dispute that the item is a carriage, approximately one foot in length, carrying four human figures. The carriage has a metal frame and a wooden body, and it is decorated with holly and bows. The human figures have plastic faces and are dressed in Victorian-style clothing made of papier-mache. The figures are attached to the carriage and cannot be removed. They are holding wrapped and unwrapped gifts, a bag full of presents, and are apparently singing. The unwrapped gifts include a candy cane and a small fir tree.

The merchandise entered the United States in 1993. Customs classified it under subheading 9502.10.40 of the Harmonized Tariff System of the United States ("HTSUS"), as "dolls representing only human beings * * * other," and imposed a duty of 12% *ad valorem*. Club argues that the merchandise is properly classified as other articles for Christmas festivities under subheading 9505.10.50, HTSUS, which carries a duty of 5.8% *ad valorem*. Alternatively, Club contends that the item should be classified as a "statuette" either of plastic under subheading 3926.40.00, HTSUS, of wood under subheading 4420.10.00, HTSUS, or of base metal, under subheading 8306.29.00, HTSUS.

### DISCUSSION

When faced with a motion for summary judgment, the Court determines whether a case presents any genuine issues of material fact. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–8 (1986). If a case presents no such issues, and a moving party is entitled to a judgment as a

matter of law, then the Court may grant summary judgment. USCIT Rule 56(d). In making the determination as to the proper classification of the merchandise under the HTSUS, the Court must consider whether Customs' classification is correct, both independently and in comparison with the importer's proposed alternative. *Jarvis Clark Co. v. United States,* 2 Fed. Cir. (T) 70, 75, 733 F.2d 873, 878 (1984).

Since this matter is before the Court on cross-motions for summary judgment, and it presents no genuine issues of material fact in dispute, granting summary judgment is appropriate.

## A. CUSTOM'S CLASSIFICATION

In making its cross-motion for summary judgment, Customs claims that the subject imports should be classified as "dolls representing only human beings and parts and accessories thereof * * * other," under subheading 9502.10.40, HTSUS. Customs argues that this classification is correct because the human figures in the carriage are dolls. Customs further argues that although the item consists of more than just dolls, it is the dolls that give the item its essential character. Therefore, according to Customs, the item as a whole should be classified under the provision for dolls.

The common and commercial meaning of the term "doll" is broad. Dolls are representations of humans, in either realistic or caricature form. Explanatory Notes, 95.02. Dolls can be made out of the same materials as the imports at issue: plastics, fabric, ceramics, wood, and papier-mache. *Id.* Dolls also have many uses, one of which is ornamentation. *Id.; Russ Berrie & Co. v. United States,* 76 Cust. Ct. 218, 223, 417 F. Supp. 1035, 1039 (1976) (citations omitted).

Given the broad definition of the tariff classification for dolls, the Court finds that the human figures in the carriage may be described as "dolls." This does not, however, mean that the entire item must be classified as a doll. In this regard, the Court notes that the human figures cannot be detached; the item should be considered as a unit. Even if the Court were to assume that the human figures define the essential character of the merchandise, as asserted by defendant, the Court must nevertheless classify the item under the heading that provides the most specific description of the merchandise. General Rules of Interpretation 3(a), HTSUS. If the item answers to a description which more clearly identifies it as a whole, then that description describes it more specifically than one that identifies only an ancillary part of the item. *Mitsubishi Electronics America, Inc. v. United States,* 19 CIT 378, Slip Op. 95–47 (March 16, 1995).

## B. CLUB'S ARGUMENT THAT THE MERCHANDISE SHOULD BE CLASSIFIED AS ARTICLES FOR CHRISTMAS FESTIVITIES

The Court next considers whether the subject merchandise can be described more specifically by any of the provisions proposed by Club. In its motion for summary judgment, Club argues that the item should be

classified as an article for Christmas festivities under 9505.10.50, HTSUS.

An item may be classified as an article for Christmas festivities if its primary purpose is to adorn the home or a Christmas tree during the Christmas season. *See Midwest of Canon Falls, Inc. v. United States,* 20 CIT 123, Slip Op. 96–19 (January 18, 1996). Items that sit, stand or hang may all be articles for Christmas festivities. *Id.* Additionally, items of both traditional and non-traditional design may be classified as articles for Christmas festivities. *Id.*

Customs argues that the subject merchandise cannot fall within the scope of Club's proposed heading because it is made of durable materials. This argument is based on the Explanatory Notes to heading 9505, which state that items falling within the heading are items "which in view of their intended use are generally made of non-durable material." Explanatory Notes, 95.05(A). The Court does not need to decide whether durability is a requirement. The subject merchandise is primarily made of materials that are explicitly covered by heading 9505, HTSUS: paper, wood, and plastic. *Id.; see also,* 9505.10.15 and 9505.10.40, HTSUS. The metal components of the carriage are minimal. Merchandise primarily made of materials explicitly enumerated under heading 9505, HTSUS, cannot be excluded from that heading.

The Court finds that the subject merchandise falls within the scope of the tariff provision for articles for Christmas festivities. The Court bases its determination primarily on the general physical characteristics of the merchandise and the manner in which it is advertised.

The general physical characteristics of the subject merchandise include its motif in a Christmas theme. The carriage holds a fir tree, candy canes, and wrapped gifts. It is decorated with wreaths and bows. The item is named and advertised as "Christmas Carollers."

The tariff provision for articles for Christmas festivities clearly identifies the item as a whole. In contrast, the provision for dolls identifies only parts of the item. Consequently, the Court finds that the merchandise is more specifically described as an article for Christmas festivities under 9505.10.50, HTSUS.

### C. CLUB'S ARGUMENT THAT THE MERCHANDISE SHOULD BE CLASSIFIED AS STATUETTES

The Court now considers whether the merchandise is more specifically described as a statuette of base metal, plastic, or wood, rather than as an article for Christmas festivities. The Court finds that the merchandise cannot be classified under any of the classifications for statuettes.

The merchandise cannot be described accurately as a statuette or other ornament of base metal under subheading 8306.29.00, HTSUS. First, the merchandise's only metal components are the wheels and the frame holding the carriage. The Court has held that merchandise covered by Heading 9505 can also possibly be classified as a statuette or ornament of base metal. *Midwest of Canon Falls, Inc. v. United States,*

20 CIT 123, 132–33, Slip Op. 96–19 at 19–21 (January 18, 1996). However, in that case, the entire item was made of metal. *Id.* In contrast, the merchandise at issue here is primarily composed of materials other than metal.

Second, even if the Christmas Carollers could be classified as either a statuette or as an ornament of base metal, subheading 9505.10.50, HTSUS, covering articles associated with Christmas provides a more specific description of the subject merchandise. Subheading 9505.10.50 better describes the item as a whole with regard to all of its component materials. In addition, this subheading accurately identifies the motif of the merchandise.

A similar analysis applies to Club's other proposed classifications: statuettes and other ornamental articles of plastic under subheading 3926.40.00, HTSUS; and statuettes and other ornamental articles of wood under subheading 4420.10.00, HTSUS. Wood or plastic alone accounts for only a minor part of the merchandise. The human figures and toys are mostly composed of papier-mache; the carriage is mostly made of wood and metal. Again, the subheading for Christmas articles better describes the item when viewed as a whole, both with respect to the variety of its component materials and its motif.

### CONCLUSION

For all of the foregoing reasons, the Court finds that the subject item is correctly classified as an article for Christmas festivities, under subheading 9505.10.50, HTSUS. Consequently, it is hereby

ORDERED that plaintiff's motion for summary judgment is GRANTED; and it is further

ORDERED that defendant's motion for summary judgment is DENIED. Judgment will be entered accordingly.